CHARLES TONY PICCUTA (SBN 028444)
CHRISTOPHER R. BLEVINS (SBN 025371)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California  92618
Phone: (949) 679-1111
Fax: (949) 679-1112
cblevins@houser-law.com

Attorneys for Defendants,
OCWEN LOAN SERVICING, LLC (erroneously sued as OCWEN LOAN SERVICING, LLP); LITTON LOAN SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

# UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF ARIZONA

| | |
|---|---|
| DENNIS C. ELWESS,<br><br>            Plaintiff,<br><br>vs.<br><br>OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and LITTON LOAN SERVICING LP OCWEN LOAN SERVICING LLP<br><br>            Defendants. | CASE NO.:<br><br>HON.<br><br>[Removal from Superior Court of Arizona, Maricopa County Case No. CV2012-094340]<br><br>**NOTICE OF REMOVAL BASED UPON DIVERSITY JURISDICTION**<br><br>[**28 U.S.C. § 1332; 28 U.S.C. § 1441**] |

**TO THE CLERK OF THE ABOVE COURT AND PLAINTIFF:**

**PLEASE TAKE NOTICE THAT** defendants OCWEN LOAN SERVICING, LLC (erroneously sued as OCWEN LOAN SERVICING LLP) ("Ocwen"); LITTON LOAN SERVICING, LP ("Litton"); and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") (collectively

"Defendants") hereby remove this action from the Superior Court of Arizona, County of Maricopa, to the United States District Court, District of Arizona as further described below.

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. A complaint was filed in the Superior Court of Arizona, Maricopa County, on or about June 20, 2012, entitled <u>Dennis C. Elwess v. Old Republic National Title Insurance Company, et al.</u>, Case No. CV2012-094340 ("State Court Action").

2. The documents obtained from the Maricopa County Superior Court show that Defendants Ocwen, and Old Republic National Title Insurance Company were served on August 27, 2012. Upon investigation with the Maricopa County Superior Court and upon information and belief, the Court docket does not reveal that Plaintiff has filed a proof of service in this case as to any of the remaining Defendants.

3. Plaintiff's lawsuit arises from a dispute regarding a loan secured by the property located at 20298 East Poco Calle, Queen Creek, Arizona 85142 ("Property"). Plaintiff brought the Complaint, alleging purported claims against Defendants for (i) unknown present beneficiary; (ii) no valid default exists; (iii) title to the underlying mortgage loan(s) was not effectively transferred; (iv) statute of frauds; (v) common law fraud; (vi) conspiracy to defraud; (vii) Defendants do not have a perfected lien; and (viii) Defendants' failure to meet the Notice Requirements. A true and correct copy of the Complaint from Plaintiff is attached hereto as **Exhibit "A."**

4. Defendants were not served with a copy of the Complaint until August 27, 2012. Consequently, Defendants hereby seek removal within 30 days of receipt of the Complaint, and therefore, the instant Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). *See* Fed. R. Civ. P. 6(a)(1)(C) (if the period ends

on a Saturday, Sunday or legal holiday, then the period is extended until the next day that is none of these).

5. This Notice of Removal is brought on behalf of Defendants Ocwen, Litton and MERS. Defendants Old Republic's Consent to Removal is attached hereto as **Exhibit "B."** Upon investigation with the Maricopa County Superior Court and upon information and belief, no other parties have been served or made an appearance in the State Action and no other consent from any other party is required. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1428 (9th Cir. 1984) (overruled on other grounds); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (requiring consent only from defendants "properly joined and served in the action").

6. Further, no previous request has been made for removal.

7. The District Court of Arizona is the proper venue for the removal. The Superior Court of Arizona for the County of Maricopa is located within the District Court of Arizona. *See* 28 U.S.C. § 82. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(b).

8. This action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(b).

## II. FEDERAL COURT SUBJECT MATTER JURISDICTION IS PROPER BASED ON DIVERSITY JURISDICTION

9. Plaintiff is a citizen of the State of Arizona and is domiciled at 20298 East Poco Calle, Queen Creek, Arizona 85142. *See* Complaint ¶ 1.

10. At the time this action was commenced, Ocwen was and is a limited liability company incorporated in the State of Delaware and has its principal place of business in the State of Florida. Citizenship of a limited liability company is determined by citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). At the present time and at the

time of commencement of this action, Ocwen Loan Servicing, LLC, is a wholly-owned subsidiary of Ocwen Financial Corporation and therefore takes the citizenship of its only member, Ocwen Financial Corporation which is incorporated in, and a citizen of, the State of Delaware with its principal place of business in West Palm Beach, Florida.

11. At the time this action was commenced, MERS was and is a Delaware corporation with its principal place of business located in Reston, Virginia.

12. At the time this action was commenced, LITTON LOAN SERVICING LP is a limited partnership organized under Delaware law whose general partner is Ocwen Capital Management, LLC and whose limited partner is Ocwen Loan Servicing, LLC. A federal court must look to the citizenship of a partnership's limited, as well as its general, partners to determine whether there is complete diversity. *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S. Ct. 1015, 1016, 108 L. Ed. 2d 157 (1990). At the present time and at the time of commencement of this action, both Ocwen Capital Management, LLC and Ocwen Loan Servicing, LLC, are wholly-owned subsidiaries of Ocwen Financial Corporation and therefore takes the citizenship of their only member, Ocwen Financial Corporation which is incorporated in, and a citizen of, the State of Delaware with its principal place of business in West Palm Beach, Florida.

13. At the time this action was commenced OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY was and is a Minnesota corporation with its principal place of business in Minnesota.

14. The element of diversity of citizenship is met in that Defendants in this action are citizens of a different state than the Plaintiff.

///
///
///

## III. THE AMOUNT IN CONTROVERSY IS GREATER THAN THE FEDERAL DIVERSITY MINIMUM.

15. "The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of property that is the subject of the action." *Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (E.D. Cal. 2005). "In determining the amount in controversy, a court may consider compensatory and punitive damages as well as attorney fees, but may not consider interest and costs of suit." *Id.*

16. The value of the property at issue can be taken into consideration in determining the amount in controversy. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347048, 97 S.Ct 2432, 2443, 53 L.Ed.2d 383, 396-7 (1977); *Garfinkle v. Wells Fargo Bank,* 483 F.2d 1074, 1076 (9th Cir.1973) (treating entire value of real property as amount in controversy in action to enjoin foreclosure sale). The Maricopa County Assessor's website reflects that the Property is valued at $283,500 for the 2012 tax year. *See* **Exhibit "C."** The value of the property exceeds the $75,000.00 jurisdictional amount for this Court.

17. Accordingly, there is a complete diversity of citizenship and the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs. Diversity jurisdiction exists and this action is removed to this Court pursuant to 28 U.S.C. §1441(b).

///
///
///
///
///
///
///
///

5

WHEREFORE, Defendants respectfully remove this action from the Arizona Superior Court for the County of Maricopa to this Court pursuant to 28 United States Code sections 1332 and 1441.

DATED: September 14, 2012

HOUSER & ALLISON
A Professional Corporation

 /s/ Christopher R. Blevins
Charles Tony Piccuta
Christopher R. Blevins
Attorneys for Defendants
OCWEN LOAN SERVICING, LLC (erroneously sued as OCWEN LOAN SERVICING, LLP); LITTON LOAN SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

**ORIGINAL** filed electronically with the Clerk's Office this same date and with **COPIES** to be delivered via U.S. Mail to the following:

Dennis C. Elwess
20298 East Poco Calle
Queen Creek, Arizona 85412
*Plaintiff*

Kim R. Lepore, Esq.
WRIGHT FINLAY & ZAK, LLP
111 E. Dunlap Ave, Suite 1-457
Phoenix, AZ 85020
Email: klepore@wrightlegal.net
*Attorneys for Defendant Old Republic*

By: /s/ Christopher R. Blevins