CHARLES TONY PICCUTA (SBN 028444)
CHRISTOPHER R. BLEVINS (SBN 025371)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Phone: (949) 679-1111
Fax: (949) 679-1112
cblevins@houser-law.com

Attorneys for Defendants,
OCWEN LOAN SERVICING, LLC (erroneously sued as OCWEN LOAN SERVICING, LLP); LITTON LOAN SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

# UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF ARIZONA

| | |
|---|---|
| DENNIS C. ELWESS,<br><br>       Plaintiff,<br><br>vs.<br><br>OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and LITTON LOAN SERVICING LP OCWEN LOAN SERVICING LLP<br><br>       Defendants. | CASE NO.: 2:12-cv-01956-DGC<br><br>HON. DAVID G. CAMPBELL<br><br>**DEFENDANTS OCWEN LOAN SERVICING, LLC, LITTON LOAN SERVICING, LP AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MOTION TO DISMISS**<br><br>[**Fed. R. Civ. P. 8, 9(b) 12(b)(6), 12(e)**]<br>[ORAL ARGUMENT REQUESTED] |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**COMES NOW** defendants OCWEN LOAN SERVICING, LLC (erroneously sued as OCWEN LOAN SERVICING LLP) ("Ocwen"); LITTON LOAN SERVICING, LP ("Litton"); and MORTGAGE ELECTRONIC

REGISTRATION SYSTEMS, INC. ("MERS") (collectively "Defendants") hereby submit their Motion to Dismiss Plaintiff's Complaint.  Based upon the following, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice.

This motion is made and based upon Rules 8, 9(b), 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, and is based on the ground that plaintiff fails to state a claim upon which relief may be granted and the complaint is barred as a matter of law against Defendants.

This motion is based upon the attached memorandum of points and authorities, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be presented at the time of any hearing.

DATED: September 21, 2012                HOUSER & ALLISON
                                         A Professional Corporation


                                          /s/ Christopher R. Blevins
                                         Charles Tony Piccuta
                                         Christopher R. Blevins
                                         Attorneys for Defendants
                                         OCWEN LOAN SERVICING, LLC
                                         (erroneously sued as OCWEN LOAN
                                         SERVICING, LLP); LITTON LOAN
                                         SERVICING, LP; MORTGAGE
                                         ELECTRONIC REGISTRATION
                                         SYSTEMS, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND BACKGROUND**

This is Plaintiff's fourth attempt to enjoin a valid trustee's sale. Prior to bringing this action, Plaintiff filed a Chapter 11 Bankruptcy on July 3, 2009, which was ultimately converted to a Chapter 7 and dismissed by the Court for Plaintiff's failure to attend the meeting of creditors.[1] On April 6, 2010, Plaintiff then brought an adversary proceeding against Defendant Litton, alleging many of the same arguments he brings before this Court. Defendant Litton moved for summary judgment in that action, and the adversary proceeding was dismissed with prejudice on June 29, 2010. On April 24, 2012, Plaintiff filed a Chapter 13 Bankruptcy, which was dismissed on May 15, 2012 for failure to file required documents and failure to appear at the meeting of creditors. Plaintiff's now brings what is essentially a "show me the note" case in his fourth attempt to delay the pending trustee's sale. Plaintiff's claims fail.

On April 7, 2006, Plaintiff borrowed $566,664.00 (the "Loan") from First Magnus Financial Corporation to purchase the property located at 20298 East Poco Calle, Queen Creek, Arizona 85242 (the "Property"), with MERS acting as nominee beneficiary. Request for Judicial Notice ("RJN"), Exhibit ("Ex.") 1. Plaintiff expressly agreed to the role of MERS by executing the Deed of Trust, which states that "MERS is the beneficiary under this Security Instrument" and that "[t]he beneficiary of this Security Instrument is MERS." Plaintiff agreed that the Note and Deed of Trust could be assigned one or more times without notice to Plaintiff. RJN, Ex. 1 ¶ 20. The Deed of Trust executed by Plaintiff specifically provides that MERS, as the beneficiary under the trust deed and, as nominee for the lender, has the right to exercise any of the interests of the lender. RJN Ex. 1 at

---

[1] Plaintiff requests that this Court take judicial notice of the documents on file with the Arizona Bankruptcy Court concerning case numbers 2:09-bk-15409-RTB, 2:10-ap-00601-SSC, and 2:12-bk-08720-CGC.

page 3.

On April 8, 2009, MERS substituted Old Republic National Title Insurance Company as Trustee under the Deed of Trust. RJN, Ex. 2. On August 7, 2009, Plaintiff's Note and Deed of Trust were assigned by First Magnus Financial Corporation, via MERS as nominee, to The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2006-09. RJN, Ex. 3. Plaintiff then transferred his interest in the Property to The Poco Calle Trust. RJN, Ex. 4.

Plaintiff's Complaint seeks to stop or enjoin the pending trustee's sale, even though he lacks standing to bring such a claim due to his transfer to The Poco Calle Trust. Nevertheless, the Complaint necessarily fails as Plaintiff fails to tender the amounts owed under the loan. Moreover, Plaintiff's entire Complaint is premised on the notion that Defendants must prove their authority to foreclose, when no such requirement is recognized by the Arizona courts or required under Arizona law. Plaintiff's similar claims were already raised and adjudicated in his adversary proceeding, thus barring the re-litigation of those issues here. Additionally, Plaintiff's arguments concerning the role of MERS and MERS authority to assign the Note and Deed of Trust or substitute the trustee under the Deed of Trust fail as Plaintiff agreed to the role of MERS in the Deed of Trust, which has been upheld by the Arizona Courts. As set forth herein, Plaintiff fails to state a claim against Defendants and his Complaint should be dismissed with prejudice.

## II.   THE APPLICABLE LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (reversing denial of motion to dismiss). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (citation omitted). A plaintiff cannot meet his burden simply by contending that he "might later establish some 'set of [undisclosed] facts' to support recovery." <u>Id</u>. at 561. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949. It is not sufficient if the complaint merely establishes a "sheer possibility" that the defendant has acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Id</u>. (quoting <u>Twombly</u>, 550 U.S. at 557). To determine whether a complaint states a plausible claim for relief, the court must rely on its "judicial experience and common sense." <u>Id</u>. at 1950.  Plaintiff's Complaint fails to meet this standard.

Under Federal Rule of Civil Procedure 8(1), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.'" <u>Ashcroft v. Iqbal</u>, -- U.S. --, 129 S.Ct. 1937, 1949 (May 18, 2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). Plaintiff's Complaint is insufficient under Rule 8.

**III.   LEGAL ANALYSIS AND ARGUMENT**

**A.   PLAINTIFF'S CLAIMS AND COMPLAINT ARE PRECLUDED BY RES JUDICATA AND PLAINTIFF LACKS STANDING TO BRING THIS ACTION**

Plaintiff lacks standing to bring this action because he is no longer the owner

of the Property. RJN, Ex. 4; <u>In re Crevier</u>, 820 F.2d 1553, 1555 (9th Cir. 1987). Additionally, Plaintiff's Complaint and all claims therein are precluded by res judicata. Arizona state law regarding res judicata applies because this case was removed upon diversity jurisdiction. *See Priest v. American Smelting & Refining Co.*, 409 F.2d 1229, 1231 (9th Cir. 1969). Under Arizona law, "the doctrine of res judicata will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or there privities, was, or might have been, determined in the former action." *In re Marriage of Gibbs*, 227 Ariz. 403, 406 (Ariz.App. Div. 2, 2011) citing to *Hall v. Lalli*, 194 Ariz. 54, ¶ 7, 977 P.2d 776, 779 (1999). "Res judicata protects litigants from the burden of relitigating an identical issue and promotes judicial economy by preventing needless litigation." *Lalli* at 779 (internal quotations and citations omitted). "This principle provides finality and deters harassment of former litigants." *Id.*

Under Arizona law, a dismissal pursuant to the granting of a motion to dismiss for failure to state a claim in a former action constitutes a dismissal on the merits giving rise to res judicata and claim preclusive effect. *Hoff v. City of Mesa*, 86 Ariz. 259, 261-262 (Ariz. 1959). Likewise, involuntary dismissals, other than for lack of jurisdiction or for improper venue, operate as an adjudication on the merits even if in the preliminary stages of a lawsuit. *See Id.* and Ariz. R. Civ. P. 41(b). The same holds true even when applying the federal court standard. *See* Fed. R. Civ. P. 41(b).

As discussed above, Plaintiff previously filed suit ("first action") against moving Defendants. The first action arose from the exact same foreclosure and events that give rise to the instant action. *See* Complaint in First Action, RJN Ex. 5. Like this action, the first action asserted claims claiming that the prior loan servicer, Litton Loan Servicing, LP, and the beneficiary The Bank of New York, as Trustee, were not entitled to foreclose on the property. (*See Id.*). The first

action also asserted claims against the same moving Defendant in this action. The first action was filed as an adversary proceeding in United States Bankruptcy Court for the District of Arizona. Judgment was entered in favor of The Bank of New York, as Trustee, and Defendant Litton after the filing of a summary judgment motion. RJN, Exh. 6.

The instant action is barred by res judicata and the Complaint and claims advanced by Plaintiff in the instant action are precluded. In the first action a final adjudication on the merits was reached and rendered by a court of competent jurisdiction. The parties to the first action are the same parties in the instant action. The only new parties are Defendant Ocwen, which is the subsequent loan servicer, and Defendant MERS. There is substantial identity between the parties because there is sufficient commonality of interest. Even when the parties are not identical, privity may exist if "there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." In re Gottheiner, 703 F.2d 1136, 1140 (9th Cir.1983) (citation omitted); see also Stratosphere Litigation, 298 F.3d at 1142 n. 3 (finding privity when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved") (citation omitted); Shaw v. Hahn, 56 F.3d 1128, 1131–32 (9th Cir.1995) (finding privity when the interests of the party in the subsequent action were shared with and adequately represented by the party in the former action); United States v. ITT Rayonier, Inc., 627 F.2d 996, 1003 (9th Cir.1980) ("[A] 'privy' may include those whose interests are represented by one with authority to do so.").

Last, the claims advanced in the instant action concern the same issues as in the previous action or claims that might have been determined in the previous action as they arise out of the same transaction. A Plaintiff is not permitted to split his claim and harass an adversary with more than one action for one wrong. *Malta v. Phoenix Title & Trust Co.*, 76 Ariz. 116, 119 (1953). As such, Plaintiff's

instant Complaint and related claims are precluded by res judicata and the Complaint must be dismissed with prejudice as to moving Defendants.

### B. PLAINTIFF CANNOT ENJOIN A TRUSTEE'S SALE WHERE HE FAILS TO ALLEGE AN ABILITY TO TENDER THE AMOUNT OWED UNDER THE LOAN.

Plaintiff's Complaint is made for the sole purpose of enjoining the trustee's sale. Equitable principle requires Plaintiff to pay the loan amount or allege that she is "ready, willing, and able to tender the full amount owed." Frazer v. Millennium Bank, N.A., 2010 WL. 4579799 (D. Ariz. 2010). It would be inequitable to allow Plaintiff to seek to enjoin the Trustee's Sale and Defendant U.S. Bank's Trustee's Deed without first doing equity by tendering the amount owed. See, Farrell v. West, 57 Ariz. 490, 291 (1941). Plaintiff, however, seeks equity without alleging his ability to do equity. Plaintiff does not allege that he has satisfied his mortgage obligations or is otherwise ready, willing and able to tender the full amount owed under the loan. As a result, Plaintiff's entire Complaint seeking to enjoin the trustee's sale fails.

### C. PLAINTIFF'S COMPLAINT FAILS AS IT IS BASED ON THE ROUTINELY REJECTED "SHOW ME THE NOTE" CLAIM.

Plaintiff's entire Complaint is essentially a re-stated "show me the note" claim. The causes of action in Plaintiff's Complaint ask Defendants to prove ownership of the note secured by the Plaintiff's Deed of Trust and the authority to foreclose. These "show me the note" claims are routinely rejected by the Arizona Courts. Further, the judicially noticeable documents reflect that the present beneficiary is The Bank of New York, as Trustee. Plaintiff cannot allege that The Bank of New York, as Trustee, is not entitled to enforce the Note and Deed of Trust. Additionally, Defendant Old Republic is the present trustee of the deed of trust.

To the extent Plaintiff argues Defendants are required to produce the

original note prior to the trustee's sale, he is incorrect.  Arizona Courts "have routinely held that [a plaintiff's] 'show me the note' argument lacks merit." <u>Diessner v. Mortgage Elec. Registration Sys.</u>, 618 F.Supp.2d 1184, 1187-88 (D. Ariz. 2009) (quoting <u>Mansour v. Cal-Western Reconveyance Corp.</u>, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009); <u>see also</u>, <u>Hogan v. Washington Mut. Bank, N.A.</u>, 2012 WL 1835540, * 3 (Ariz. May 18 2012)..  Under Arizona Law, deed of trust sales are "conducted on a contract theory under the power of sale authority of the trustee."  <u>In re Krohn</u>, 203 Ariz. 205, 52 P.3d 774, 777 (2002); <u>see</u> <u>also</u> A.R.S. § 33-807(A).  Therefore, the foreclosing party is not required to produce a physical copy of the original promissory note. See <u>Dumont v. HSBC Mortg. Corp., USA</u>, 2010 WL 3023885 (D. Ariz. 2010).  Further, "The Deed of Trust … is not an 'instrument' under the Arizona Uniform Commercial Code-Negotiable Instruments."  <u>Rhoads v. Washington Mut. Bank, F.A.</u>, 2010 WL 1408888 *3-4 (D. Ariz. 2010); <u>Dumesnil v. Bank of America, N.A.</u>, 2010 WL 1408889 *3-4 (D. Ariz. 2010).

In Arizona, A.R.S. §§ 33-801–821 governs trustee's sales, and provides the "only procedure" for a valid trustee's sale. <u>Patton v. First Fed. Sav. & Loan Ass'n. of Phoenix</u>, 118 Ariz. 473, 476, 578 P.2d 152, 155 (1978); *accord* <u>Chavez v. ReconTrust Co.</u>, 2008 WL 5210893, *3–4 (E.D. Cal. Dec. 11, 2008) (noting that statutory framework governing non-judicial foreclosures is exhaustive and should not be supplemented with additional requirements). These statutes do not require that a beneficiary or trustee be entitled to enforce the borrower's promissory note in order to hold a sale:

> [b]y virtue of his position, a power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold, in the manner provided in this chapter, after a breach or default in performance of the contract or contracts, for which the trust property is conveyed as security, or a breach or default of the trust deed. . . . The power of sale may be exercised by the trustee without express provision therefore in the trust deed.

A.R.S. § 33-807(A) (emphasis added). This provision makes it plain that the existence of a trust deed securing an obligation confers inherent authority on the trustee to sell the trust property upon default. Equally, it makes plain that such sales are governed only by the requirements set forth in the chapter regulating them, and that a sale may be held to remedy a breach of the trust deed itself— necessarily including any agreement in the trust deed to pay the underlying debt— not just the note the trust deed secures.

The trustee has the inherent power, pursuant to A.R.S. § 33-807(A), to commence and conduct a trustee's sale due to the borrower's default, without regard to the "holder of the Note." Further, the judicially noticeable documents show that the Note and Deed of Trust were assigned to The Bank of New York, as Trustee, and that Defendant Old Republic is presently the Trustee under the Deed of Trust. Accordingly, Plaintiff's Complaint fails.

### D. PLAINTIFF'S CLAIMS AS TO THE ROLE OF MERS ARE WITHOUT MERIT

To the extent Plaintiff's claims are based upon the role of MERS, those claims fail. Arizona law recognizes the role of MERS in the foreclosure process. "Under the MERS system, at the origination of a residential loan, the lender takes possession of a promissory note and the borrower and lender agree to designate MERS as the beneficiary under a deed of trust." In re Madison, 2010 WL 3941858 (Bkrtcy. D. Ariz. 2010) (quoting Cervantes v. Countrywide Home Loans, Inc., 2009 WL 3157160 (D. Ariz. 2009). "Under the MERS system, the rights to the mortgage are tracked internally and not recorded in the public records each time the rights to the mortgage are bought and sold, so long as the buyer is a member of the MERS system." Id. "Thus, if one member is listed as a beneficiary on a deed of trust, it may transfer that interest to another member, through the MERS registry system, without recording a document in the public records." Id.

MERS, as the named beneficiary, also has the power to appoint a trustee or successor trustee under Arizona's non-judicial foreclosure statute. <u>Contreras v. U.S. Bank as Trustee for CSMC Mortg. Backed Pass-Through Certificates, Series 2006-5</u>, 2009 WL 4827016 (D. Ariz. 2009). Plaintiff agreed to the language of the Deed of Trust when they entered into the home loan transaction, which provides that MERS will serve as the nominee for the original lender as well as the original lender's successors and assigns. See <u>In re Mortgage Electronic Registration Systems (MERS) Litigation</u>, 2010 WL 4038788 (D. Ariz. 2010). Here, MERS appointed Defendant Old Republic as the Trustee under the Deed of Trust and assigned the Note and Deed of Trust to The Bank of New York, as Trustee. Plaintiff's claims challenging these actions fail.

### E. PLAINTIFF'S FIRST CAUSE OF ACTION FAILS AS IT IMPROPERLY RELIES ON A.R.S. § 33-404 AND PLAINTIFF'S OTHER FAILED CLAIMS

As discussed above, Plaintiff's first cause of action fails as MERS had authority to assign the Note and Deed of Trust and to appoint Defendant Old Republic as trustee under the Deed of Trust. Further, there is no requirement to show ownership of the note prior to conducting a trustee's sale. Finally, to the extent Plaintiff's unknown present beneficiary cause of action is based upon A.R.S. § 33-404(C), Plaintiff's claim is misplaced. Pursuant to A.R.S. § 33-404(G), a trustee under a deed of trust is exempt from this statute. See <u>Das v. JPMorgan Chase Bank, N.A.</u>, CV 12-00486-PHX-FJM, 2012 WL 1658718 (D. Ariz. May 11, 2012). Finally, this is not a recognized cause of action. Thus, Plaintiff's claim fails.

### F. PLAINTIFF'S SECOND CAUSE OF ACTION FAILS

Plaintiff's second cause of action alleging no valid default exists similarly fails as it is based on the premise that Plaintiff does not know who holds the note or who is entitled to foreclose. As discussed above, these claims fail. Further, the

trustee has the inherent power, pursuant to A.R.S. § 33-807(A), to commence and conduct a trustee's sale due to the borrower's default, without regard to the "holder of the Note." Defendant Old Republic was validly substituted as trustee and now possesses this power. RJN, Ex. 2. Finally, this is not a recognized cause of action. Accordingly, Plaintiff's second cause of action fails to state a claim.

### G.   PLAINTIFF'S THIRD CAUSE OF ACTION FAILS AS THE UCC IS NOT APPLICABLE TO NON-JUDICIAL FORECLOSURE SALES

Plaintiff's third cause of action claiming that title to the mortgage loan was not effectively transferred fails to state a claim. As discussed above, this claim fails as it is simply a re-stated "show me the note" claim and the trustee has the inherent power, pursuant to A.R.S. § 33-807(A), to commence and conduct a trustee's sale due to the borrower's default, without regard to the "holder of the Note." To the extent Plaintiff claims that the Uniform Commercial Code governs trustee's sale, he is incorrect. "The UCC does not govern liens on real property." Hogan v. Washington Mut. Bank, N.A., 277 P.3d 781, 783 (Ariz. 2012), as amended (July 11, 2012). "The trust deed statutes do not require compliance with the UCC before a trustee commences a non-judicial foreclosure." Id. (citing *In re Krohn,* 203 Ariz. 205, 208 ¶ 8, 52 P.3d 774, 777 (2002) ("[D]eed of trust sales are conducted on a contract theory under the power of sale authority of the trustee.")). Finally, this is not a recognized cause of action. Accordingly, Plaintiff's third cause of action fails.

### H.   PLAINTIFF'S FOURTH CAUSE OF ACTION FAILS AS IT IS NOT A VALID CAUSE OF ACTION AND IS BASED ON PLAINTIFF'S OTHER FAILED CLAIMS

Plaintiff's fourth cause of action for Statute of Frauds fails to state a claim. This is simply another attempt to state a "show me the note" claim, which is routinely rejected by the Arizona Courts, as discussed above. Further, Plaintiff's allegation that there is no writing sufficient to allow the trustee's sale to proceed is

wholly without merit.  Plaintiff's Deed of Trust was executed by Plaintiff on or about April 7, 2006.  RJN, Ex. 1.  As authorized by applicable law and the Deed of Trust, MERS substituted Old Republic National Title Insurance Company as Trustee under the Deed of Trust.  RJN, Ex. 2.  Old Republic National Title Insurance has full authority to act as the trustee and conduct the trustee's sale. Plaintiff also agreed to the role of loan servicers in the Deed of Trust and that the Note and Deed of Trust could be transferred without notice to Plaintiff.  RJN, Ex. 1 ¶ 20.  Subsequently, the Note and Deed of Trust were assigned to The Bank of New York, as Trustee.  RJN, Ex. 3.  Statute of Frauds is not a cognizable cause of action.  Plaintiff uses this cause of action as an attempt to stop a valid trustee's sale.  Plaintiff's claim fails and should be dismissed with prejudice.

## I. PLAINTIFF FAILS TO ALLEGE A CLAIM FOR FRAUD.

To the extent Plaintiff attempts to state a claim for fraud, his claim fails. Plaintiff alleges that "MERS claims to be the nominee for LITTON" in the substitution of trustee" and that there is a discrepancy in the notarization of the Substitution of Trustee.  Plaintiff's allegations are insufficient to state a claim for fraud.

Plaintiff must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b).  To plead fraud, a party must allege the following: "(1) a representation, (2) its falsity, (3) its materiality, (4) the communicating party's knowledge of its falsity or ignorance of its truth, (5) the communicating party's intent that it be acted upon by the recipient in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) the hearer's reliance on its truth, (8) the right to rely on it, and (9) his consequent and proximate injury." American Pepper Supply Co. v. Federal Ins. Co., 72 P.3d 1284, 1288, n. 5 (Ariz. Ct. App. 2003).  Each fraud claim must be plead with particularity as to each Defendant against which Plaintiff raises such claims.

A Plaintiff must "state the time, place and specific content of the false

representation as well as the identities of the parties to the misrepresentations." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F2d 1393, 1401 (9th Cir. 1986); A.G. Edwards & Sons, Inc. v. Smith, 736 F.Supp. 1030, 1033 (D. Ariz. 1989) (holding that "[m]ere conclusory allegations of fraud will not suffice; the complaint must contain statements of the time, place and nature of the alleged fraudulent activities."). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant … and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" Gilmore v. DJO Inc., 663 F.Supp.2d 856, 859 (D. Ariz. 2009) (quoting Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal citation omitted). The heightened pleading requirement of Rule 9(b) applies to the Arizona Consumer Fraud Act. Silvas v. GMAC Mortg., LLC, 2009 WL 4573234 (D. Ariz. 2009) (citing Grismore v. Capital One F.S.B., 2007 WL 841513 at *6 (D. Ariz. 2007)).

Here, Plaintiff fails to allege the elements of a claim for fraud and fails to make any allegations of fraud with the requisite particularity. Plaintiff does not allege materiality, knowledge of falsity or ignorance of truth, intent, Plaintiff's ignorance of falsity, reliance by Plaintiff, a right to rely and any proximate or consequent injury as to either the Substitution of Trustee or Notice of Trustee's Sale. Plaintiff merely makes one conclusory allegations that lump all defendants together. Plaintiff fails to state the time, place and specific content of any false representation or the identities of the parties to the misrepresentations. Plaintiff fails to plead the elements of fraud and fails to plead such a claim with the requisite specificity. Plaintiff's fraud claim fails and should be dismissed.

Further, even if Plaintiff has sufficiently alleged a claim, he lacks standing to bring it. "[B]orrowers who were not parties to the assignment of their deed lack standing to challenge the assignment's validity." Graham-Miller v. Nationstar

Mortg. LLC, CV-11-00848-PHX-JAT, 2012 WL 2368494 (D. Ariz. June 21, 2012) (citing In Re MERS Litigation, MDL Dkt. No. 09–2119–JAT, 2011 WL 4550189, *5 (D.Ariz. Oct.03, 2011); Silving v. Wells Fargo Bank, NA, CV 11–0676–PHX–DGC, 2012 WL 135989, *3 (D.Ariz. Jan.18, 2012)). "Accordingly, Plaintiff lacks standing to challenge the Substitution of Trustee or Assignment of Deed of Trust as fraudulent." Id. As in Silving, Plaintiffs have alleged "no facts to show they suffered a concrete and particularized injury" from either the Substitution or Assignment. Silving v. Wells Fargo Bank, NA, CV 11-0676-PHX-DGC, 2012 WL 135989 (D. Ariz. Jan. 18, 2012). "[T]he validity of the assignments does not affect whether Borrower owes its obligations, but only to whom Borrower is obligated." Id. (citing In Re MERS Litigation, MDL, Dkt. No. 09-2119-JAT, 2011 WL 4550189 (D. Ariz. Oct. 3, 2011). No injury is alleged from the Substitution that allowed Old Republic, instead of the original trustee, initiate foreclosure. Further, as in Silving, Plaintiffs have alleged no facts to show that "the principal party to the substitution … has sought to have it voided for lack of authorization." Id. As the Court in Silving found, Plaintiffs lack standing to challenge the Assignment or Substitution where they can allege no injury and fail to allege any principal party to either document has sought to have it voided. Id. Additionally, Plaintiff fails to identify how any alleged error invalidates the Notice of Trustee's Sale under A.R.S. § 33-808(E).

Plaintiff's allegations concerning the date of notarization similarly fail. "We also reject plaintiff's argument that "fraud" exists if a notary dated and signed an instrument after the date of signature." Nichols v. Bosco, CV-10-01872-PHX-FJM, 2011 WL 814916 (D. Ariz. Mar. 4, 2011). "Arizona law does not require a notary to actually witness a signature." Id. (citing A.R.S. § 33–503; *City Consumer Servs. Inc. v. Metcalf,* 161 Ariz. 1, 4–5, 775 P.2d 1065, 1068–69 (1989)). Thus, Plaintiff's claims fail.

/ / /

**J.    PLAINTIFF'S SIXTH CAUSE OF ACTION FOR CONSPIRACY TO DEFRAUD FAILS**

Plaintiff's Conspiracy to Defraud claim fails as conspiracy is not an independent cause of action, the claims upon which the cause of action is based fail, and Plaintiff makes only conclusory and unsupported allegations of conspiracy.

Conclusory allegations of conspiracy are insufficient. "But terms like 'conspiracy,' or even 'agreement,' are border-line: they might well be sufficient in conjunction with a more specific allegation-for example, identifying a written agreement or even a basis for inferring a tacit agreement-but a court is not required to accept such terms as a sufficient basis for a complaint. The case law on this point is ample." *DM Research, Inc. v. Coll. of Am. Pathologists,* 170 F.3d 53, 56 (1st Cir.1999) (cited with approval in *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955). Here, Plaintiff has failed to provide any specific, factual allegations inferring even a tacit agreement causing Plaintiff's claim for conspiracy fall short of the requirements of Rule 9(b), *Twombly,* and *Iqbal.* In re Mortgage Elec. Registration Sys. (MERS) Litig., 744 F. Supp. 2d 1018, 1028-29 (D. Ariz. 2010). Plaintiff's conclusory allegations are insufficient to support a claim for conspiracy.

Further, the Arizona Supreme Court has held on several occasions that there is no claim for relief for civil conspiracy in and of itself, but that the action is one for damages arising out of the acts committed pursuant to the conspiracy. Tovrea Land and Cattle Company v. Linsenmeyer, 100 Ariz. 107, 412 P.2d 47 (1966); Consolidated Tungsten Mines, Inc. v. Frazier, 87 Ariz. 128, 348 P.2d 734 (1960); Hale v. Brown, 84 Ariz. 61, 323 P.2d 955 (1958). Plaintiff fails to sufficiently allege any acts of Defendants to support this claim. As discussed in detail above, Plaintiff's "show me the note" claims and authority to enforce the Note and Deed of Trust claims fail. Plaintiff's claim for fraud similarly fails. Thus, Plaintiff not only fails to allege any conspiracy, but Plaintiff cannot allege any other claim for

relief to support a cause of action for conspiracy. Plaintiff's Conspiracy to Defraud claim fails.

### K. PLAINTIFF'S SEVENTH CAUSE OF ACTION FAILS AS A.R.S. § 33-703 IS INAPPLICABLE.

Plaintiff's Seventh[2] Cause of Action claiming Defendants do not have a perfected lien fails. Plaintiff brings this claim pursuant to A.R.S. § 33-703. However, this statutory scheme specifically excludes trust deeds. A.R.S. § 702(A) ("Every transfer of an interest in real property, other than in trust, or a trust deed subject to the provisions of chapter 6.1 of this title,[1] made only as a security for the performance of another act, is a mortgage"). Further, in Arizona, A.R.S. §§ 33-801–821 governs trustee's sales, and provides the "only procedure" for a valid trustee's sale. Patton v. First Fed. Sav. & Loan Ass'n. of Phoenix, 118 Ariz. 473, 476, 578 P.2d 152, 155 (1978); *accord* Chavez v. ReconTrust Co., 2008 WL 5210893, *3–4 (E.D. Cal. Dec. 11, 2008) (noting that statutory framework governing non-judicial foreclosures is exhaustive and should not be supplemented with additional requirements). Accordingly, Plaintiff's lien perfection claim is misplaced and without merit, and should be dismissed.

Further, to the extent Plaintiff's claim is based on a lack of assignment to Old Republic, Litton, or Ocwen his claim is misplaced and fails. Old Republic was substituted as trustee under the Deed of Trust and has the authority to conduct the trustee's sale under Arizona law and the Deed of Trust. RJN, Exh. 2.

### L. PLAINTIFF'S EIGHTH CAUSE OF ACTION FAILS

Plaintiff's Eighth Cause of Action for failure to meet notice requirements fails. Curiously, Plaintiff alleges he did not receive the very documents which he

---

[2] Plaintiff identifies this as his second Sixth Cause of Action. For the purposes of this Motion, Defendants will identify Plaintiff's Sixth Cause of Action for "Defendants Do Not have a Perfected Lien" as the Seventh Cause of Action and Plaintiff's Seventh Cause of Action for "Defendants' failure to meet the Notice Requirements as the Eighth Cause of Action.

uses to support his other claims.  Plaintiff also fails to allege facts that would allow his Complaint to rise beyond pure speculation.  Plaintiff fails to plead any factual content sufficient to state a claim for relief that is plausible on its face.  <u>Ashcroft v. Iqbal</u>, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009).   Plaintiff's conclusory allegations are insufficient to state a claim and Plaintiff fails to allege any term or statute that was violated.

Further, since Plaintiff obviously has notice of the pending trustee's sale resulting from his default on the loan, he cannot allege any prejudice to the extent any documents were not received as the trustee's sale has not occurred.  There can be no prejudice or allegations of damages where Plaintiff does not dispute his default on the Loan and fails to tender or cure his default.

## M.   THIS COURT SHOULD DISMISS VARBEL'S COMPLAINT WITH PREJUDICE

Leave to amend need not be provided if amendment of a complaint would be futile. <u>Bishop v. State Dep't of Corr.</u>, 172 Ariz. 472, 474–75, 837 P.2d 1207, 1209–10 (Ct. App. 1992). Here, as set forth above, each of Plaintiff's attempts to delay foreclosure and for damages fail as a matter of law. The facts there and here simply do not provide for any cause of action or claim for relief against Defendants.  Accordingly, any amendment would be futile and Plaintiff need not be provided with leave to amend his Complaint.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court grant its Motion to Dismiss with prejudice and dismiss Plaintiff's Complaint in its entirety without leave to amend.  If the Court finds additional claims are stated, it

/ / /

/ / /

/ / /

/ / /

1  should order Plaintiff to provide a more definite statement of the claims and the
2  precise factual basis upon which the remaining claims stand.

3  DATED: September 21, 2012          HOUSER & ALLISON
                                      A Professional Corporation


                                       /s/ Christopher R. Blevins
                                      Charles Tony Piccuta
                                      Christopher R. Blevins
                                      Attorneys for Defendants
                                      OCWEN LOAN SERVICING, LLC
                                      (erroneously sued as OCWEN LOAN
                                      SERVICING, LLP); LITTON LOAN
                                      SERVICING, LP; MORTGAGE
                                      ELECTRONIC REGISTRATION
                                      SYSTEMS, INC.

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On September 21, 2012 I served the following document(s) described as follows:

**DEFENDANTS OCWEN LOAN SERVICING, LLC, LITTON LOAN SERVICING, LP AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MOTION TO DISMISS**

On the following interested parties in this action:

| | |
|---|---|
| Dennis C. Elwess | Kim R. Lepore |
| 20298 E. Poco Calle | Wright Finlay & Zak LLP |
| Queen Creek, AZ 85142 | 111 E Dunlap Ave., Ste. 1-457 |
| *Plaintiff* | Phoenix, AZ 85020 |
| **VIA FIRST CLASS MAIL** | klepore@wrightlegal.net |
| | *Attorneys for Defendant,* |
| | *Old Republic National Title Insurance Company* |
| | **VIA ELECTRONIC MAIL** |

[X]  **VIA FIRST CLASS MAIL**—By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

[X]  **VIA ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above. I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete without error.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed on September 21, 2012 at Irvine, California.

/s/ Christopher R. Blevins
Christopher R. Blevins