1  **WRIGHT, FINLAY & ZAK, LLP**
2  Kim R. Lepore, Esq., Arizona Bar No. 019130
3  Bradford E. Klein, Esq., Arizona Bar No. 027720
   111 E. Dunlap Avenue, Suite 1-457
4  Phoenix, AZ 85020
5  Telephone: 602-845-8898
   Fax: 949-477-9200
6  klepore@wrightlegal.net; bklein@wrightlegal.net
7
   Attorneys for Defendant Old Republic National Title Insurance Company
8
9                    **IN THE UNITED STATES DISTRICT COURT**
10                              **DISTRICT OF ARIZONA**
11
12
13  Dennis C. Elwess,                    )  Case No.:  2:12-cv-01956-DGC
                                         )
              Plaintiff,                 )
14                                       )  **NOTICE OF JOINDER AND**
15       v.                              )  **JOINDER OF DEFENDANT OLD**
                                         )  **REPUBLIC NATIONAL TITLE**
16  Old Republic National Title Insurance)  **INSURANCE COMPANY TO THE**
    Company, Mortgage Electronic         )  **MOTION TO DISMISS FILED BY**
17  Registration Systems, Inc., Litton Loan) **DEFENDANTS OCWEN LOAN**
    Servicing, LP, and Ocwen Loan        )  **SERVICING, LLC, LITTON LOAN**
18  Servicing, LLP,                      )  **SERVICING, LP AND MORTGAGE**
19                                       )  **ELECTRONIC REGISTRATION**
              Defendants.                )  **SYSTEMS, INC.**
20                                       )
                                         )
21                                       )
                                         )
22  _____

23
24  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

25       **PLEASE TAKE NOTICE** that Defendant Old Republic National Title
26
27  Insurance Company ("Old Republic"), hereby joins in the Motion to Dismiss filed
28

                                         1
                  JOINDER IN DEFENDANTS' MOTION TO DISMISS

by Defendants Ocwen Loan Servicing, LLC, Litton Loan Servicing, LP, and Mortgage Electronic Registration Systems, Inc.

Old Republic hereby adopts and incorporates the Motion to Dismiss and Request for Judicial Notice ("RJN") filed by Moving Defendants on September 21, 2012. This Joinder is being filed in order to avoid duplication of the argument presented in the Motion to Dismiss and the documents included in the RJN. Similar to Moving Defendants, Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Old Republic. Although, like Ocwen and MERS, Old Republic was not a party to the prior actions, the doctrines of *Res Judicata* and claim preclusion should still apply to Old Republic because the prior actions involved identical issues and events.

Additionally, Plaintiff's claims against Old Republic are barred by A.R.S. §33-807(E) and 33-801, et seq., and Old Republic is entitled to an immediate dismissal. Old Republic's only involvement in this matter is in the capacity as foreclosure trustee. (RJN, Ex. 3.) A.R.S. § 33-807(E) prohibits a borrower or plaintiff from bringing claims against a trustee **except** "in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust." A.R.S. § 33-807(E) further states: "[I]n any other action, ***the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee***." [Emphasis added.] The

2
JOINDER IN DEFENDANTS' MOTION TO DISMISS

statute's language is not discretionary, and the phrase "is entitled to" renders the award of reasonable attorney's fees and costs mandatory.

Courts have consistently held that when the "complaint does not allege any such breach [of the trustee's duties],... [the trustee] is not a proper party to [the] action and should be dismissed."[1] In this case, Plaintiff utterly fails to allege anywhere in his Complaint that Old Republic breached any of its obligations while acting as the foreclosure trustee under the Deed of Trust. Further, Plaintiff does not allege that Old Republic violated any of the Arizona statutes regulating trust deeds and the foreclosure process. In fact, Plaintiff merely alleges, in a conclusory fashion, that Old Republic is not a valid trustee; has no interest in the subject property; and is not entitled to foreclosure on the subject property. (Complaint, ¶¶2 and 7-9.) Plaintiff also alleges that Old Republic failed to record a notice of change of beneficiary in violation of A.R.S. §33-404(C); however, a trustee under a deed of trust is exempt from this requirement under A.R.S. §33-404(G).

Finally, A.R.S. §33-820 provides further protection for Old Republic as the foreclosure trustee. A.R.S. §33-820 provides that, "[I]n carrying out his duties under the provisions of this chapter or any deed of trust, a trustee, shall when

---

[1] *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1183 (D. Ariz. 2009). See also *Eason v. IndyMac Bank* FSB, 2010 U.S. Dist. LEXIS 33806, 7-8 (D. Ariz. 2010); *Coleman v. Am. Home Mortg. Servicing*,

acting in good faith, have the absolute right to rely upon any written direction or information furnished to him by the beneficiary." Therefore, even if any information contained in a document prepared and/or recorded by Old Republic is incorrect, Old Republic had an absolute right to rely on the information provided to it by the beneficiary and cannot be held liable for the truth or veracity of that information.

Old Republic respectfully requests that the Court dismiss the Complaint *without leave to amend* and award Old Republic its costs and attorney's fees pursuant to A.R.S. §33-807(E).

**DATED** this 24th day of September, 2012.

      **WRIGHT, FINLAY & ZAK, LLP**

      By: /s/ Kim R. Lepore
        Kim R. Lepore, Esq.
        Bradford E. Klein, Esq.
        Attorneys for Defendant Old Republic

---

2010 U.S. Dist. LEXIS 30922, 13-14 (D. Ariz. 2010); *Cervantes v. Countrywide Home Loans. Inc*., 2010 U.S. Dist. LEXIS 35301, 5-8 (D. Ariz. 2010);  *Schroeder v. M & I Bank,* 2009 U.S. Dist. LEXIS 63969, 2-3 (D. Ariz. 2009).

## CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 4665 MacArthur Court, Ste. 280 Newport Beach, CA 92660.

On September 24, 2012 I served the following document(s) described as follows: **NOTICE OF JOINDER AND JOINDER OF DEFENDANT OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY TO THE MOTION TO DISMISS FILED BY DEFENDANTS OCWEN LOAN SERVICING, LLC, LITTON LOAN SERVICING, LP AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

Dennis C. Elwess
20298 E. Poco Calle
Queen Creek, AZ 85142

Charles T. Piccuta, Esq.
Christopher R. Blevins, Esq.
Houser & Allison
9970 Research Dr.
Irvine, CA 92618
Tel: 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 Fax: 949-679-1112
Attorneys for Defendants, Ocwen Loan Servicing, LP, Litton Loan Servicing, LP and Mortgage Electronic Registration Systems, Inc.

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.
[X]   (BY ELCTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.
[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Executed on September 24, 2012 at Newport Beach, California.

      /s/ Matthew Tran
      Matthew Tran