1  CHARLES TONY PICCUTA (SBN 028444)
2  CHRISTOPHER R. BLEVINS (SBN 025371)
   HOUSER & ALLISON
3  A Professional Corporation
   9970 Research Drive
4  Irvine, California  92618
5  Phone: (949) 679-1111
   Fax: (949) 679-1112
6  cblevins@houser-law.com
7
8  Attorneys for Defendants,
   OCWEN LOAN SERVICING, LLC (erroneously sued as OCWEN LOAN
9  SERVICING, LLP); LITTON LOAN SERVICING, LP; MORTGAGE
   ELECTRONIC REGISTRATION SYSTEMS, INC.
10

11              **UNITED STATES DISTRICT COURT FOR THE**
12                        **DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| 13 | DENNIS C. ELWESS, ) | CASE NO.: 2:12-cv-01956-DGC |
| 14 | ) | |
| | Plaintiff, ) | HON. DAVID G. CAMPBELL |
| 15 | ) | |
| 16 | vs. ) | **REPLY TO PLAINTIFF'S** |
| | ) | **RESPONSE AND OPPOSITION TO** |
| 17 | OLD REPUBLIC NATIONAL TITLE ) | **DEFENDANTS' MOTION TO** |
| | INSURANCE COMPANY and ) | **DISMISS** |
| 18 | MORTGAGE ELECTRONIC ) | |
| 19 | REGISTRATION SYSTEMS, INC. ) | |
| | and LITTON LOAN SERVICING LP ) | |
| 20 | OCWEN LOAN SERVICING LLP ) | |
| 21 | ) | |
| 22 | Defendants. ) | |

23  **COMES NOW** defendants OCWEN LOAN SERVICING, LLC
24  (erroneously sued as OCWEN LOAN SERVICING LLP) ("Ocwen"); LITTON
25  LOAN SERVICING, LP ("Litton"); and MORTGAGE ELECTRONIC
26  REGISTRATION SYSTEMS, INC. ("MERS") ( "Defendants") hereby submit
27  their Reply to Plaintiff's Response and Opposition to Defendants' Motion to
28  Dismiss.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION AND BACKGROUND

Plaintiff's Opposition is untimely, filed in violation of this Court's Order requiring an opposition to be filed by November 21, 2012, and fails to cure his defective Complaint. Defendants request that the Opposition be stricken and the Complaint dismissed pursuant to this Court's Order.

Despite his Opposition, Plaintiff fails to meaningfully address virtually any of the arguments in Defendant's Motion to Dismiss. The basis of Plaintiff's Complaint is that the foreclosure sale cannot occur because Defendants lack standing to foreclose. This is incorrect and Defendants' Motion to Dismiss details Plaintiff's Deed of Trust securing the Property, the assignment of that Deed of Trust, Substitution of the Trustee under the Deed of Trust and ultimately the noticing of the Trustee's Sale. Instead of alleging he is current on his loan obligations, or otherwise tendering an offer to cure his default, Plaintiff's Opposition merely makes new and unalleged allegations in an attempt to save his Complaint. Plaintiff now attempts to argue that the trustee's sale cannot proceed due to the terms of a Pooling and Servicing Agreement. However, Plaintiff is not a party to the pooling and servicing agreement and lacks standing to challenge compliance with the Trust's Pooling and Servicing Agreement. Plaintiff now also claims that a Delaware breach of contract statute of limitations somehow precludes the foreclosure sale. This statute of limitations has no applicability to the claims alleged in his Complaint and does nothing to save his failed claims.

Plaintiff's Opposition glaringly fails to argue how any of his allegations actually states a viable cause of action against Defendants. Instead, Plaintiff merely makes additional conclusory arguments in an attempt to save his Complaint. Without any explanation whatsoever, Plaintiff also claims the tender rule does not apply to him because he somehow satisfied his mortgage through the "doctrine of subrogation." Without a factual basis, Plaintiff claims the trustee is

not a valid trustee, despite the judicially noticeable documents showing the exact opposite of Plaintiff's contention.  As to MERS, Plaintiff does not dispute that he agreed to the role of MERS in the Deed of Trust and makes no cognizable argument as to the role of MERS.  Finally, Plaintiff fails to state a cause of action against any Defendant and fails to cure this defect in his Opposition.  Accordingly, Plaintiff's claims fail and should be dismissed with prejudice.

II. <u>**LEGAL ANALYSIS AND ARGUMENT**</u>

A. **PLAINTIFF'S CLAIMS AND COMPLAINT ARE PRECLUDED BY RES JUDICATA AND PLAINTIFF LACKS STANDING TO BRING THIS ACTION**

In his response, Plaintiff does not dispute that he lacks standing to bring this action because he deeded the Property to a third party and is no longer the owner of the Property.  RJN, Ex. 4; <u>In re Crevier</u>, 820 F.2d 1553, 1555 (9th Cir. 1987). Additionally, Plaintiff's fails to bring any viable argument as to why res judicata does not apply in this instance.

Plaintiff previously filed suit ("first action") concerning the foreclosure of the Property and similar events that give rise to the instant action. *See* Complaint in First Action, RJN Ex. 5.  Like this action, the first action asserted claims claiming that the prior loan servicer, Litton Loan Servicing, LP, and the beneficiary The Bank of New York, as Trustee, were not entitled to foreclose on the property.  (*See Id.*). Judgment was entered in favor of The Bank of New York, as Trustee, and Defendant Litton after the filing of a summary judgment motion. RJN, Exh. 6.

The instant action is barred by res judicata and the Complaint and claims advanced by Plaintiff in the instant action are precluded. In the first action a final adjudication on the merits was reached and rendered by a court of competent jurisdiction. The parties to the first action are the same parties in the instant action. The only new parties are Defendant Ocwen, which is the subsequent loan servicer,

1  and Defendant MERS. There is substantial identity between the parties because
2  there is sufficient commonality of interest (i.e. the rights and obligations under the
3  Note and Deed of Trust.) The present parties represent the same right in respect to
4  the subject matter involved as the previously sued parties.

5  Last, the claims advanced in the instant action concern the same issues as in
6  the previous action or claims that might have been determined in the previous
7  action as they arise out of the same transaction. Plaintiff's conclusory statements
8  in his Opposition do not thwart the application of res judicata. As such, Plaintiff's
9  instant Complaint and related claims are precluded by res judicata and the
10  Complaint must be dismissed with prejudice as to moving Defendants. The
11  Complaint must also be dismissed as Plaintiff lacks standing to bring the action as
12  he is no longer the record owner of the Property.

13  **B.  PLAINTIFF CANNOT ENJOIN A TRUSTEE'S SALE WHERE HE**
14  **FAILS TO ALLEGE AN ABILITY TO TENDER THE AMOUNT**
15  **OWED UNDER THE LOAN.**

16  Plaintiff's does not deny his failure to tender, but instead now argues his
17  mortgage obligations were satisfied through the doctrine of subrogation. This is
18  blatantly incorrect and unsupported by any factual allegations from Plaintiff.
19  Equitable principle requires Plaintiff to pay the loan amount or allege that he is
20  "ready, willing, and able to tender the full amount owed." Frazer v. Millennium
21  Bank, N.A., 2010 WL. 4579799 (D. Ariz. 2010). It would be inequitable to allow
22  Plaintiff to seek to enjoin the Trustee's Sale without first doing equity by
23  tendering the amount owed. See, Farrell v. West, 57 Ariz. 490, 291 (1941).
24  Plaintiff, however, seeks equity without alleging his ability to do equity. Plaintiff
25  does not adequately allege that he has satisfied his mortgage obligations or is
26  otherwise ready, willing and able to tender the full amount owed under the loan.
27  As a result, Plaintiff's entire Complaint seeking to enjoin the trustee's sale fails.
28  / / /

## C. PLAINTIFF'S COMPLAINT FAILS AS IT IS BASED ON THE ROUTINELY REJECTED "SHOW ME THE NOTE" CLAIM.

In his Opposition, Plaintiff argues that this is not a "show me the note" claim, but still asks Defendants to prove their authority to foreclose. The courts within the District of Arizona have routinely rejected the "show me the note" theory and related arguments. Dominick v. Chase Home Fin. LLC, CV 11-0337-PHX-JAT, 2012 WL 78886 (D. Ariz. Jan. 11, 2012) (citing Diessner v. Mortgage Elec. Registration Sys., 618 F.Supp.2d 1184, 1187–88 (D.Ariz.2009); Mansour v. Cal–Western Reconveyance Corp., 618 F.Supp.2d 1178, 1181 (D.Ariz.2009). The Supreme Court of Arizona has agreed. Hogan v. Washington Mut. Bank, N.A., 277 P.3d 781, 784 (Ariz. 2012), as amended (July 11, 2012).

The judicially noticeable documents reflect that the present beneficiary is The Bank of New York, as Trustee. Plaintiff cannot allege that The Bank of New York, as Trustee, is not entitled to enforce the Note and Deed of Trust. Additionally, Defendant Old Republic is the present trustee of the deed of trust. The trustee has the inherent power, pursuant to A.R.S. § 33-807(A), to commence and conduct a trustee's sale due to the borrower's default, without regard to the "holder of the Note." Further, the judicially noticeable documents show that the Note and Deed of Trust were assigned to The Bank of New York, as Trustee, and that Defendant Old Republic is presently the Trustee under the Deed of Trust. Defendants are entitled to foreclose. Plaintiff's Complaint, to the extent it seeks to require Defendants to prove their standing or ownership of the note to conduct the trustee's sale is without merit and should be dismissed with prejudice.

## D. PLAINTIFF'S CLAIMS AS TO THE ROLE OF MERS ARE WITHOUT MERIT

Plaintiff's Opposition makes no meaningful response to the Role of MERS. MERS, as the named beneficiary, has the power to appoint a trustee or successor trustee under Arizona's non-judicial foreclosure statute. Contreras v. U.S. Bank

as Trustee for CSMC Mortg. Backed Pass-Through Certificates, Series 2006-5, 2009 WL 4827016 (D. Ariz. 2009). Plaintiff agreed to the language of the Deed of Trust when they entered into the home loan transaction, which provides that MERS will serve as the nominee for the original lender as well as the original lender's successors and assigns. See In re Mortgage Electronic Registration Systems (MERS) Litigation, 2010 WL 4038788 (D. Ariz. 2010). Here, MERS appointed Defendant Old Republic as the Trustee under the Deed of Trust and assigned the Note and Deed of Trust to The Bank of New York, as Trustee. Plaintiff's claims challenging these actions fail.

### E.  PLAINTIFF'S FIRST CAUSE OF ACTION FAILS AS IT IMPROPERLY RELIES ON A.R.S. § 33-404 AND PLAINTIFF'S OTHER FAILED CLAIMS

In his Opposition, Plaintiff fails to address the flaws in his first cause of action for "Unknown Present Beneficiary." This is not a recognized cause of action in Arizona. Further, A.R.S. § 33-404(C) does not apply because a trustee under a deed of trust is exempt from this statute pursuant to A.R.S. § 33-404(G). See Das v. JPMorgan Chase Bank, N.A., CV 12-00486-PHX-FJM, 2012 WL 1658718 (D. Ariz. May 11, 2012). Plaintiff's first cause of action also fails as MERS had authority to assign the Note and Deed of Trust and to appoint Defendant Old Republic as trustee under the Deed of Trust. Finally, there is no requirement to show ownership of the note prior to conducting a trustee's sale. Thus, Plaintiff's claim fails.

### F.  PLAINTIFF'S SECOND CAUSE OF ACTION FAILS

In his Opposition, Plaintiff makes no arguments concerning his second cause of action for "No Valid Default Exists." Plaintiff's second cause of action alleging no valid default exists fails as it is not a recognized cause of action and is based on the "show me the note" claims routinely rejected by the Arizona Courts. Hogan v. Washington Mut. Bank, N.A., 277 P.3d 781, 784 (Ariz. 2012), as

1  amended (July 11, 2012).  Further, the trustee has the inherent power, pursuant to
2  A.R.S. § 33-807(A), to commence and conduct a trustee's sale due to the
3  borrower's default, without regard to the "holder of the Note."  Defendant Old
4  Republic was validly substituted as trustee and now possesses this power.  RJN,
5  Ex. 2.  Accordingly, Plaintiff's second cause of action fails to state a claim and
6  should be dismissed with prejudice.

7  **G.    PLAINTIFF'S THIRD CAUSE OF ACTION FAILS AS THE UCC IS**
8  **NOT APPLICABLE TO NON-JUDICIAL FORECLOSURE SALES**

9  In his Opposition, Plaintiff does not dispute that his third cause of action
10 claiming that title to the mortgage loan was not effectively transferred fails to state
11 a claim.  As discussed above, this claim fails as it is simply a re-stated "show me
12 the note" claim and the trustee has the inherent power, pursuant to A.R.S. § 33-
13 807(A), to commence and conduct a trustee's sale due to the borrower's default,
14 without regard to the "holder of the Note."  To the extent Plaintiff claims that the
15 Uniform Commercial Code governs trustee's sale, he is incorrect.  "The UCC does
16 not govern liens on real property."  Hogan v. Washington Mut. Bank, N.A., 277
17 P.3d 781, 783 (Ariz. 2012), as amended (July 11, 2012).  "The trust deed statutes
18 do not require compliance with the UCC before a trustee commences a non-
19 judicial foreclosure."  Id.  (citing *In re Krohn,* 203 Ariz. 205, 208 ¶ 8, 52 P.3d 774,
20 777 (2002) ("[D]eed of trust sales are conducted on a contract theory under the
21 power of sale authority of the trustee.")).  This Court has previously held that "a
22 deed of trust is not an 'instrument' under the Arizona Uniform Commercial
23 Code—Negotiable Instruments."  Dominick v. Chase Home Fin. LLC, CV 11-
24 0337-PHX-JAT, 2012 WL 78886 (D. Ariz. Jan. 11, 2012 (quoting Kentera v.
25 Fremont Inv. & Loan, No. CV–10–8259–PCTGMS, 2011 WL 4005411, at *5
26 (D.Ariz. Sept.8, 2011)).  Finally, this is not a recognized cause of action.
27 Accordingly, Plaintiff's third cause of action fails.
28 / / /

**H.     PLAINTIFF'S FOURTH CAUSE OF ACTION FAILS**

In his Opposition, Plaintiff does not dispute that his fourth cause of action for Statute of Frauds fails to state a claim.  This is simply another attempt to state a "show me the note" claim, which is routinely rejected by the Arizona Courts, as discussed above.  Further, Plaintiff's allegation that there is no writing sufficient to allow the trustee's sale to proceed is wholly without merit.  Plaintiff's Deed of Trust was executed by Plaintiff on or about April 7, 2006.  RJN, Ex. 1.  As authorized by applicable law and the Deed of Trust, MERS substituted Old Republic National Title Insurance Company as Trustee under the Deed of Trust. RJN, Ex. 2.  Old Republic National Title Insurance has full authority to act as the trustee and conduct the trustee's sale.  Plaintiff also agreed to the role of loan servicers in the Deed of Trust and that the Note and Deed of Trust could be transferred without notice to Plaintiff.  RJN, Ex. 1 ¶ 20.  Subsequently, the Note and Deed of Trust were assigned to The Bank of New York, as Trustee.  RJN, Ex. 3.  Statute of Frauds is not a cognizable cause of action.  Plaintiff uses this inappropriate cause of action as an attempt to stop a valid trustee's sale.  Plaintiff's claim fails and should be dismissed with prejudice.

**I.     PLAINTIFF FAILS TO ALLEGE A CLAIM FOR FRAUD.**

Plaintiff does not dispute that he fails to state a claim for fraud.  Plaintiff fails to allege the elements of a claim for fraud and fails to make any allegations of fraud with the requisite particularity.  Plaintiff does not allege materiality, knowledge of falsity or ignorance of truth, intent, Plaintiff's ignorance of falsity, reliance by Plaintiff, a right to rely and any proximate or consequent injury as to either the Substitution of Trustee or Notice of Trustee's Sale.  Plaintiff merely makes one conclusory allegations that lump all defendants together.  Plaintiff fails to state the time, place and specific content of any false representation or the identities of the parties to the misrepresentations.  Plaintiff fails to plead the

/ / /

REPLY TO PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
8

1 elements of fraud and fails to plead such a claim with the requisite specificity.
2 Plaintiff's fraud claim fails and should be dismissed.

3 Further, Plaintiff does not dispute that he lacks standing to challenge the
4 Substitution of Trustee or Assignment of Deed of Trust. <u>Graham-Miller v.</u>
5 <u>Nationstar Mortg. LLC</u>, CV-11-00848-PHX-JAT, 2012 WL 2368494 (D. Ariz.
6 June 21, 2012) (citing <u>In Re MERS Litigation</u>, MDL Dkt. No. 09–2119–JAT, 2011
7 WL 4550189, *5 (D.Ariz. Oct.03, 2011); <u>Silving v. Wells Fargo Bank, NA</u>, CV
8 11–0676–PHX–DGC, 2012 WL 135989, *3 (D.Ariz. Jan.18, 2012)). Plaintiff does
9 not and cannot allege any facts to show that he suffered a concrete and
10 particularized injury from the Substitution of Trustee or Assignment of Deed of
11 Trust. <u>Silving v. Wells Fargo Bank, NA</u>, CV 11-0676-PHX-DGC, 2012 WL
12 135989 (D. Ariz. Jan. 18, 2012). Plaintiff does not dispute that no injury is alleged
13 from the Substitution that allowed Old Republic, instead of the original trustee,
14 initiate foreclosure. Further, Plaintiff has alleged no facts to show that "the
15 principal party to the substitution … has sought to have it voided for lack of
16 authorization." <u>Id</u>. Additionally, Plaintiff fails to identify how any alleged error
17 invalidates the Notice of Trustee's Sale under A.R.S. § 33-808(E).

18 Plaintiff also fails to dispute that his allegations concerning the date of
19 notarization fail. "We also reject plaintiff's argument that "fraud" exists if a notary
20 dated and signed an instrument after the date of signature." <u>Nichols v. Bosco</u>, CV-
21 10-01872-PHX-FJM, 2011 WL 814916 (D. Ariz. Mar. 4, 2011). "Arizona law
22 does not require a notary to actually witness a signature." <u>Id</u>. (citing A.R.S. § 33–
23 503; *City Consumer Servs. Inc. v. Metcalf,* 161 Ariz. 1, 4–5, 775 P.2d 1065, 1068–
24 69 (1989)). Thus, Plaintiff's claims fail.

25 **J.  PLAINTIFF'S SIXTH CAUSE OF ACTION FOR CONSPIRACY TO**
26 **DEFRAUD FAILS**

27 Plaintiff's does not dispute that his Conspiracy to Defraud claim fails as
28 conspiracy is not an independent cause of action, the claims upon which the cause

of action is based fail, and Plaintiff makes only conclusory and unsupported allegation of conspiracy.

Conclusory allegations of conspiracy are insufficient. Here, Plaintiff has failed to provide any specific, factual allegations inferring even a tacit agreement causing Plaintiff's claim for conspiracy fall short of the requirements of Rule 9(b), *Twombly,* and *Iqbal.* In re Mortgage Elec. Registration Sys. (MERS) Litig., 744 F. Supp. 2d 1018, 1028-29 (D. Ariz. 2010). Further, Plaintiff fails to sufficiently allege any acts of Defendants to support this claim of conspiracy. As discussed in detail above, Plaintiff's "show me the note" claims and authority to enforce the Note and Deed of Trust claims fail. Plaintiff's claim for fraud similarly fails. Thus, Plaintiff not only fails to allege any conspiracy, but Plaintiff cannot allege any other claim for relief to support a cause of action for conspiracy. Plaintiff's Conspiracy to Defraud claim fails.

**K.    PLAINTIFF'S SEVENTH CAUSE OF ACTION FAILS AS A.R.S. § 33-703 IS INAPPLICABLE.**

Plaintiff does not dispute that his Seventh[1] Cause of Action claiming Defendants do not have a perfected lien fails. Plaintiff brings this claim pursuant to A.R.S. § 33-703. However, this statutory scheme specifically excludes trust deeds. A.R.S. § 702(A) ("Every transfer of an interest in real property, other than in trust, or a trust deed subject to the provisions of chapter 6.1 of this title, made only as a security for the performance of another act, is a mortgage"). Further, in Arizona, A.R.S. §§ 33-801–821 governs trustee's sales, and provides the "only procedure" for a valid trustee's sale. Patton v. First Fed. Sav. & Loan Ass'n. of Phoenix, 118 Ariz. 473, 476, 578 P.2d 152, 155 (1978); *accord* Chavez v.

---

[1] Plaintiff identifies this as his second Sixth Cause of Action. For the purposes of this Motion, Defendants will identify Plaintiff's Sixth Cause of Action for "Defendants Do Not have a Perfected Lien" as the Seventh Cause of Action and Plaintiff's Seventh Cause of Action for "Defendants' failure to meet the Notice Requirements as the Eighth Cause of Action.

1 ReconTrust Co., 2008 WL 5210893, *3–4 (E.D. Cal. Dec. 11, 2008) (noting that
2 statutory framework governing non-judicial foreclosures is exhaustive and should
3 not be supplemented with additional requirements).  Accordingly, Plaintiff's lien
4 perfection claim is misplaced and without merit, and should be dismissed.

5      Further, Old Republic was substituted as trustee under the Deed of Trust and
6 has the authority to conduct the trustee's sale under Arizona law and the Deed of
7 Trust.  RJN, Exh. 2.

8 **L.    PLAINTIFF'S EIGHTH CAUSE OF ACTION FAILS**

9      In his Opposition, Plaintiff does not dispute that his Eighth Cause of Action
10 for failure to meet notice requirements fails.  This is not a recognized cause of
11 action.  Curiously, Plaintiff alleges he did not receive the very documents which he
12 uses to support his other claims.  Plaintiff also fails to allege facts that would allow
13 his Complaint to rise beyond pure speculation.  Plaintiff fails to plead any factual
14 content sufficient to state a claim for relief that is plausible on its face.  Ashcroft v.
15 Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009).   Plaintiff's conclusory
16 allegations are insufficient to state a claim and Plaintiff fails to allege any term or
17 statute that was violated.

18      Further, since Plaintiff obviously has notice of the pending trustee's sale
19 resulting from his default on the loan, he cannot allege any prejudice to the extent
20 any documents were not received as the trustee's sale has not occurred.  There can
21 be no prejudice or allegations of damages where Plaintiff does not dispute his
22 default on the Loan and fails to tender or cure his default.  Accordingly, Plaintiff's
23 claim fails and should be dismissed with prejudice.

24 **III.    CONCLUSION**

25      For the foregoing reasons, Defendants respectfully request that this Court
26 grant its Motion to Dismiss with prejudice and dismiss Plaintiff's Complaint in its
27 entirety without leave to amend.  If the Court finds additional claims are stated, it
28 / / /

1  should order Plaintiff to provide a more definite statement of the claims and the
2  precise factual basis upon which the remaining claims stand.

4  DATED: December 3, 2012                HOUSER & ALLISON
                                          A Professional Corporation

                                           /s/ Christopher R. Blevins
                                          Charles Tony Piccuta
                                          Christopher R. Blevins
                                          Attorneys for Defendants
                                          OCWEN LOAN SERVICING, LLC
                                          (erroneously sued as OCWEN LOAN
                                          SERVICING, LLP); LITTON LOAN
                                          SERVICING, LP; MORTGAGE
                                          ELECTRONIC REGISTRATION
                                          SYSTEMS, INC.

## **CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On December 3, 2012 I served the following document(s) described as follows:

**REPLY TO PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

On the following interested parties in this action:

| | |
|---|---|
| Dennis C. Elwess<br>20298 E. Poco Calle<br>Queen Creek, AZ 85142<br>*Plaintiff*<br>**VIA FIRST CLASS MAIL** | Kim R. Lepore<br>Wright Finlay & Zak LLP<br>111 E Dunlap Ave., Ste. 1-457<br>Phoenix, AZ 85020<br>klepore@wrightlegal.net<br>*Attorneys for Defendant,*<br>*Old Republic National Title Insurance Company*<br>**VIA ELECTRONIC MAIL** |

[X]  **VIA FIRST CLASS MAIL**—By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

[X]  **VIA ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above. I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete without error.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed on December 3, 2012 at Irvine, California.

/s/ Christopher R. Blevins
Christopher R. Blevins