**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis C. Elwess,<br><br>              Plaintiff,<br><br>v.<br><br>Old Republic National Title Insurance Company, Mortgage Electronic Registration Systems, Inc., Litton Loan Servicing, LP, and Ocwen Loan Servicing LLC,<br><br>              Defendants, | No. CV12-1956-PHX DGC<br><br>**ORDER** |

Defendants Litton Loan Servicing LP ("Litton"), Ocwen Loan Servicing LLC ("Ocwen"), and Mortgage Electronic Registration Systems, Inc. ("MERS") have filed a motion to dismiss Plaintiff's complaint based on *res judicata*, failure to state a claim, and lack of standing.  Doc. 7.  Old Republic National Title Insurance Company ("Old Republic") has joined the motion.  Doc. 9.  The motion has been fully briefed.  For the reasons stated below, the Court will grant the motion.[1]

**I.   Background.**

On April 6, 2006, First Magnus Financial Corporation ("Magnus") loaned Plaintiff Dennis C. Elwess $566,664.  Doc. 8-1 at 1-3.  Repayment of the loan was secured by real property located at 20298 East Poco Calle in Queen Creek, Arizona, as evidenced by a

---

[1] The requests for oral argument are denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision.  Fed. R. Civ. P. 78(b).

deed of trust ("DOT"). *Id.* MERS was identified as the beneficiary under the DOT, and granted the authority to act as a nominee for the lender, and lender's successors and assigns. *Id.* First American Title Insurance Company ("First American") was designated as Trustee. *Id.* On April 8, 2009, MERS substituted Old Republic as Trustee under the DOT. Doc. 8-1 at 27. On August 7, 2009, Plaintiff's Note and DOT were assigned by Magnus, via MERS as nominee, to The Bank of New York Mellon ("BONYM") f/k/a The Bank of New York, as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2006-09, whose address is c/o Litton Loan Servicing, LP, 4828 Loop Central Drive, Houston, TX 77081. Doc 8-1 at 23-25.

Plaintiff filed for Chapter 11 Bankruptcy on July, 2, 2009. The bankruptcy was later converted to a Chapter 7 and ultimately dismissed when Plaintiff failed to attend the meeting of creditors. Doc. 8-1 at 63-64. In a related matter, on April 6, 2010, Plaintiff brought an adversary complaint in bankruptcy court against Defendant Litton and BONYM, alleging numerous causes of action including frustration of contract, denial of due process, and lack of standing to foreclose. *In re Elwess*, No. 2:10-ap-00601-SSC, Doc. 1. Litton's motion to dismiss was granted with prejudice on June 29, 2010. Doc. 8-1 at 60-61. Plaintiff's complaint against BONYM was dismissed without prejudice. *Id.*

On July 16, 2010, Plaintiff filed a petition in the Superior Court of Arizona to, among other things, set aside and void a foreclosure sale, cancel his note and DOT, and quiet title to the property at issue in the present case. *Elwess v. First Magnus Financial Corp., et. al.*, 2:10-cv-01684-NVW, Doc 1-1. Defendants in that case included Magnus, First American, MERS, BONYM, Litton, and "all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the properly described in the complaint adverse to plaintiff's title, or any cloud upon plaintiff's title thereto." *Id.* Plaintiff's primary causes of action included challenging Defendants' standing to foreclose, failure to provide consideration, usury, ultra vires, fraudulent inducement, and RICO violations. *Id.* at 10-18.

The case was removed to this Court, and on November 19, 2010, the Court

granted Litton and MERS final judgment on all claims asserted against them. 2:10-cv-01684-NVW, Doc 15. The Court found Plaintiff had abandoned his suit, and that "the suit was substantially meritless." *Id.* Claims against Magnus and First American were dismissed without prejudice after Plaintiff failed to file proof of service. *Id.* at Doc. 14.

Plaintiff filed the present complaint on June 20, 2012, alleging numerous causes of action including lack of standing to foreclose, fraud, conspiracy to defraud, and violation of numerous other state statutes. Doc. 1-1. Defendants removed the case to this Court on the basis of diversity jurisdiction.

**II.    Legal Standard.**

    **A.    *Res judicata.***

"The doctrine of *res judicata* provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). *Res judicata* applies "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n. 3 (9th Cir. 2002)). Identity of claims exists when two suits "arise from the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (internal quotation marks and citation omitted). "Privity between parties exists when a party is 'so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *Stratosphere*, 322 F.3d at 1143 n. 3 (quoting *Schimmels*, 127 F.3d at 881).

    **B.    Judicial Notice.**

Defendants ask the Court to take judicial notice not only of the existence of the submitted records, but also of the truth of their underlying facts. Doc. 7 at 3. To take judicial notice of prior court proceedings and the findings of that court as true, the evidence must satisfy the indisputability requirement of Federal Rule of Evidence 201(b).

1  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either
2  (1) generally known within the territorial jurisdiction of the trial court or (2) capable of
3  accurate and ready determination by resort to sources whose accuracy cannot reasonably
4  be questioned." Fed. R. Ev. 201(b). Courts may take judicial notice of "*undisputed*
5  matters of public record," but generally may not take judicial notice of "*disputed* facts
6  stated in public records." *Brown v. Am. Airlines, Inc.,* 285 F.R.D. 546, 551
7  (C.D.Cal.2011) (citing *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir.2001) (emphasis in
8  original)).

9  Although Plaintiff generally denies the validity of documents supporting
10 Defendants' ability to pursue foreclosure of the property in this case, the legitimacy of
11 such documents "cannot reasonably be questioned." Defendants provided official
12 records of the Maricopa County Recorder for both the April 8, 2009 substitution of
13 trustee to Old Republic (Doc. 8-1 at 27) and the August 7, 2009 assignment of the DOT
14 to BONYM. Doc. 8-1 at 23-25. Additionally, Defendants ask the Court to take judicial
15 notice of documents on file with the Arizona bankruptcy court regarding proceedings
16 related to the property and parties in this case. Doc. 7 at 3 n.1. Such documents, as well
17 as Plaintiff's 2010 district court lawsuit against Litton, MERS, Magnus, and First
18 American, are generally known within the territorial jurisdiction of this Court.
19 Defendants' motion for judicial notice is granted.

20 **III.   Analysis.**

21    **A.   Defendants Litton and Ocwen.**

22  This is Plaintiff's third lawsuit against Defendant Litton regarding the East Poco
23 Calle property. Plaintiff's April 2010 adversarial lawsuit in bankruptcy court primarily
24 alleged that Litton lacked standing to foreclose. *In re Elwess*, No. 2:10-ap-00601-SSC,
25 Doc. 1. Plaintiff's July 2010 lawsuit in this Court claimed that Litton had no authority to
26 foreclose the East Poco Calle property. 2:10-cv-01684-NVW, Doc 1-1. In this case,
27 Plaintiff's primary assertion is once again that Litton has no standing to pursue
28 foreclosure of the property. Doc. 1-1 at 1-4. Because the current and former lawsuits

pertain to foreclosure proceedings on the same property, they arise from the same transactional nucleus of facts, and thus share identity of claims.

On June 29, 2010, Litton's motion to dismiss was granted with prejudice. Doc. 8-1 at 60-61. Moreover, Rule 41(b) of the Federal Rules of Civil Procedure provides that unless stated otherwise, "[a]ny dismissal . . . except one for lack of jurisdiction, improper venue, or failure to join a party . . . operates as an adjudication on the merits." Thus, both of Plaintiff's previous lawsuits against Litton operate as final judgments on the merits.

Ocwen Financial Corporation, parent company of Ocwen Loan Servicing, LLC, acquired Litton in a cash sale on September 1, 2011. After the acquisition, Ocwen assumed responsibility for servicing Plaintiff's loan. *Id.* As subsequent loan servicer, Ocwen shares the same interest as Litton did in Plaintiff's previous lawsuits against it. Ocwen and Litton are in privity.

Plaintiff argues that *res judicata* should not apply because "the issues and the parties [in the present action] are not totally the same [as those in his previous lawsuits]." Doc. 16 at 4. As discussed above, however, Defendants Ocwen and Litton are the same as, or in privity with, Defendants in Plaintiff's previous lawsuits. Additionally, *res judicata* bars all claims "which could have been asserted, whether they were or not, in a prior suit between the same parties (or their privies) on the same cause of action, if the prior suit concluded in a final judgment on the merits." *Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir.1980).

Plaintiff's claims against Ocwen and Litton are barred by *res judicata*. The Court will grant their motion to dismiss.

**B.    Defendant MERS.**

MERS was a named party in Plaintiff's 2010 lawsuit in this Court. Judgment was entered in favor of MERS on all claims asserted by Plaintiff in that case. 2:10-cv-01684-NVW, Doc. 15. The Court will grant MERS's motion to dismiss based on *res judicata*.

**C.    Defendant Old Republic.**

In addition to the arguments raised above by Ocwen, Litton, and MERS, Old

1. Republic argues that, as a foreclosure trustee, it is not a proper party to the lawsuit. Doc.
2. 9 at 2-3. Old Republic cites A.R.S. § 33–807(E), which provides that a "trustee need
3. only be joined as a party in legal actions pertaining to a breach of the trustee's obligations
4. under this chapter or under the deed of trust . . . . If the trustee is joined as a party in any
5. other action, the trustee is entitled to be immediately dismissed and to recover costs and
6. reasonable attorney fees from the person joining the trustee."
7. To receive the benefit of this statute, a trustee must show: (1) the trustee has been
8. named as a defendant in the claim, (2) the claim relates to the authority of the trustee to
9. act, given to the trustee either by the trust deed or Arizona statutes regulating trust deeds,
10. and (3) the claims do not allege that the trustee breached any of his or her obligations that
11. arise under either the deed of trust or the chapter of the Arizona Revised Statues that
12. regulates deeds of trust. *Puzz v. Chase Home Finance, LLC,* 763 F. Supp. 2d 1116, 1125
13. (D. Ariz. 2011).
14. All three elements are satisfied in this case. Old Republic has been named as a
15. Defendant and the claim relates to the authority of Old Republic to act because of alleged
16. irregularities with the deed of trust. Doc. 1-1. The claim does not allege that Old
17. Republic has breached any of its duties under the DOT or Arizona Revised Statutes.
18. Although Plaintiff claims Old Republic is in violation of A.R.S. § 33-404(C) for failing
19. to file a notice of change of beneficiary with the county recorder, his claim is misplaced.
20. Doc 1-1 at 2-3. A trustee under a deed of trust is exempt from the filing requirement.
21. A.R.S. § 33-404(G). Old Republic's motion to dismiss is granted, and it is entitled to file
22. a motion for recovery of costs and reasonable attorney fees.
23. **D.    Dismissal with Prejudice.**
24. Pro se Plaintiffs should be granted leave to amend if the defects in their claims can
25. be cured by re-pleading. The defects in this case – *res judicata* and statutory immunity –
26. cannot be cured by re-pleading. The Court therefore will grant the motions to dismiss
27. with prejudice.
28.

**IT IS ORDERED:**

1. Defendants' motions to dismiss (Docs. 7, 9) are **granted**, and this case is dismissed with prejudice.
2. The Clerk is directed to terminate this action.

Dated this 12th day of February, 2013.

_____
David G. Campbell
United States District Judge